UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZINIA EZZET BOUTROS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE UPS STORE CORPORATE,<br><br>　　　　　　　　　　Defendant. | Case No.: 25-cv-514-RSH-KSC<br><br>**ORDER OF DISMISSAL** |

Plaintiff Zinia Ezzet Boutros, proceeding *pro se*, initiated the instant lawsuit naming a single defendant, "The UPS Store Corporate." ECF No. 1. The Court concludes *sua sponte* dismissal of this action is warranted.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citation omitted). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503 (2006). "[T]he requirement that jurisdiction be established as a threshold matter is inflexible and without exception;

for jurisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). In civil actions, federal subject matter jurisdiction exists where: (1) the requirements for diversity jurisdiction are met; or (2) the complaint involves a federal question. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see* 28 U.S.C. §§ 1331, 1332.

Here, Plaintiff has not met her burden of establishing the Court's subject matter jurisdiction in this case. The Court is unable to identify a cognizable federal claim (or any claim) in Plaintiff's Complaint. There is also no indication that any defendants in this action are diverse or that any monetary amount Plaintiff may seek would exceed the statutory threshold. Indeed, it is not clear what relief Plaintiff is seeking. In short, Plaintiff's complaint fails to set forth a basis for this Court's subject matter jurisdiction.

For the above reasons, the Court **DISMISSES** the action without prejudice. If Plaintiff wishes, she may file an Amended Complaint **within 30 days** of the filing date of this Order. The Amended Complaint should clearly establish the Court's subject matter jurisdiction in this case. Plaintiff is cautioned that a failure to file an Amended Complaint within the allotted time may result in the dismissal of the entire action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: March 12, 2025

Hon. Robert S. Huie
United States District Judge